**LOWENSTEIN SANDLER LLP**
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendant*
*LexisNexis Risk Solutions Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.V., S.T., R.T., D.M., P.J., G.P., C.N., J.O., and M.S.,<br><br>            Plaintiffs,<br><br>    v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants. | Civil Action No. 2:25-cv-18288<br>_____<br><br><br>Removed from the Superior Court of New Jersey, Essex County, Law Division<br><br>State Docket No.: ESX-L-7269-25 |

## NOTICE OF REMOVAL

## D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT

1.    The plaintiffs in this action are nine individuals whose names have been anonymized in the complaint that they have filed: J.V., S.T., R.T., D.M., P.J., G.P., C.N., J.O., and M.S. ("Plaintiffs").   As a result, Plaintiffs' specific street addresses cannot be provided by defendant LexisNexis Risk Solutions Inc. ("LNRS" or "Defendant") at this time.   Plaintiffs are New Jersey law enforcement officers or the spouse of a law enforcement officer, who have availed themselves of the ability under New Jersey Daniel's Law, N.J.S.A. 56:8-166.1, to opt out of disclosures of their address.   Plaintiffs are represented by Rajiv D. Parikh, Esq., Kathleen Barnett Einhorn, Esq., and Jessica A. Merejo, Esq. of PEM Law LLP, 1 Boland Drive, Suite 101, West Orange, New Jersey 07052, and Adam Shaw, Esq. of Boies Schiller Flexner LLP, 30 South Pearl Street, 12th Floor, Albany, New York 12207.

2.    The Defendant in this action is LNRS, which is incorporated in the State of Georgia and has its principal place of business at 1000 Alderman Drive, Alpharetta, Georgia 30005.

3.    Defendant is represented by A. Matthew Boxer, Esq., Gavin J. Rooney, Esq., and Rasmeet K. Chahil, Esq., of Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068.

## NOTICE OF REMOVAL

4.    Defendant hereby removes to the United States District Court, District of New Jersey, the action pending as Case No. ESX-L-7269-25 in the Superior Court of New Jersey, Law Division, Essex County ("State Court Action").

5.    Removal is proper because this action alleges violations of federal law, namely, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.   As such, this Court has subject

matter jurisdiction over this action under 28 U.S.C. § 1331 and it is removable under 28 U.S.C. §1441(a).

6.    Additionally, diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a) and it is therefore removable under 28 U.S.C. § 1441(b).

7.    In support, Defendants state the following:

## I.    **BACKGROUND**

8.    On September 24, 2025, Plaintiffs filed the State Court Action.  On September 30, 2025, Plaintiffs filed an Amended Complaint.  A true and correct copy of Plaintiffs' Amended Complaint ("Complaint") is contained in the attached **Exhibit A**.  Defendant was served with a Summons and the Complaint through its registered agent on November 7, 2025.

9.    Plaintiffs allege, among other things, that Defendant failed to properly lift security freezes that had been implemented in connection with their consumer credit report.  (Compl. ¶¶ 11, 13-14.) As such, Plaintiffs filed a four-count complaint alleging: (1) violations of the FCRA, (2) violations of the New Jersey Identity Theft Prevention Act, N.J.S.A. 56:11-44, *et seq*., (3) tortious interference with prospective economic relations, and (4) promissory estoppel/quasi-contract.

10.    Plaintiffs' claims are directly related to, and overlap with, claims brought by the same counsel in a putative class action pending in the District of New Jersey, *John Doe-1 v. LexisNexis Risk Solutions, Inc.*, No. 24-cv-4566-HB.  In the Complaint, Plaintiffs reference that other case.  (Compl. ¶ 195.)

11.    This Notice of Removal is based on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiffs' claims, or their entitlement to any form of relief.  Rather, Defendant expressly denies that Plaintiffs are entitled to any relief.

## II.    LEGAL STANDARD

12.    "[T]he grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)."  *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233 (RBK/KMW), 2015 U.S. Dist. LEXIS 97408, at *8–9 (D.N.J. July 27, 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014)).  The same liberal rules that apply to other matters of federal pleading apply to removal allegations.  *See Dart Cherokee*, 574 U.S. at 87.  "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (referencing *Dart Cherokee*, 574 U.S. at 87).

## III.   THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331 AND THIS CASE IS REMOVABLE ON THAT BASIS.

13.    Removal is proper as this Court has federal question jurisdiction based on Plaintiffs' federal cause of action.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14.    Accordingly, "a civil action filed in state court may be removed to federal court if the claim is one 'arising under' federal law."  *Crump v. Bank of Am.*, No. 16-362, 2016 U.S. Dist. LEXIS 125322, *7 (D.N.J. Sept. 14, 2016).  A suit "arises under the Constitution and laws of the United States" when the "plaintiff's statement of his own cause of action shows that it is based

upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citations omitted).

15.    Here, Count I of the Complaint alleges violations of 15 U.S.C. § 1681c-1, a section of the FCRA.  (*See* Compl. ¶¶ 194–207.)  Because the FCRA is a federal statute, this action "arises under the Constitution and laws of the United States" and is removable to federal court.  *See Beneficial Nat'l Bank*, 539 U.S. at 6.

16.    Indeed, federal courts have specifically recognized that they have subject matter jurisdiction over claims that "are premised on the reporting of credit information to credit reporting agencies, as governed by the FCRA."  *Pladeck v. Credit Suisse First Fin. Corp.*, No. 1:23-cv-20678, 2024 U.S. Dist. LEXIS 19610, *5 (D.N.J. Oct. 29, 2024).  Moreover, the text of the FCRA itself permits removal.  An action brought under the FCRA "may be brought in any appropriate United States district court, without regard to the amount in controversy."  15 U.S.C. § 1681p.  Relying on this statutory text, courts have found that the district courts have jurisdiction over FCRA actions.  *See, e.g., White v. Hyundai Cap. Am.*, No. 2:25-cv-02321, 2025 U.S. Dist. LEXIS 213635, *6 (D.N.J. Oct. 29, 2025); *Oyedeji v. Checkr, Inc.*, No. 23-04096, 2024 U.S. Dist. LEXIS 67124, at *2 (D.N.J. Apr. 12, 2024).  Further, courts have found that such FCRA actions can be removed to federal court. *See, e.g., Lockard v. Equifax, Inc*, 163 F.3d 1259, 1263–65 (11th Cir. 1998); *Broom v. TRW Credit Data*, 732 F. Supp. 66, 69 (E.D. Mich. 1990) (citing *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 863 (W.D. Pa. 1976) and *Sicinski v. Reliance Funding Corp.*, 461 F. Supp. 649, 651 (S.D.N.Y. 1978)).

17.    The state law claims alleged in the Complaint may also be removed.  In an action with federal and state law claims, both types of claims can be removed where the court has jurisdiction over the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the

state law claims under 28 U.S.C. § 1367(a).  *See, e.g., Houck v. Ferrari*, 57 F. Supp. 3d 377, 381 (D.N.J. 2014).  Supplemental jurisdiction applies to state law claims that share a "common nucleus of operative fact," such as when "federal and state law claims arise from the same facts and the same allegations of wrongful conduct."  *Austar Int'l v. AustarPharma LLC,* 425 F. Supp. 3d 336, 357 (D.N.J. 2019); *see* 28 U.S.C. § 1367.

18.    Here, in addition to alleging violations of the FCRA, Plaintiffs allege violations of the New Jersey Identity Theft Prevention Act (Count II), tortious interference with prospective economic relations (Count III), and promissory estoppel/quasi-contract (Count IV).  (*See* Compl. ¶¶ 208–41.)  Counts II, III, and IV of Plaintiffs' Complaint arise from the same allegations set forth in Count I, that is, Defendant's alleged failure to remove security freezes.  Specifically:

  a.  In Count II, Plaintiffs allege Defendant "failed to comply with Plaintiffs' requests to remove or lift their security freezes . . . as required by [the New Jersey Identity Theft Prevention Act]" and that such noncompliance resulted in damages.  (*See* Compl. ¶¶ 212, 216.)

  b.  In Count III, Plaintiffs allege that when Defendant placed freezes on Plaintiffs' files, Defendant "had reason to know that Plaintiffs would have prospective economic advantages in the future, such that a security freeze . . . could seriously impair each of these relationships and cause each of the Plaintiffs significant detriment."  (*Id.* ¶ 227.)  Plaintiffs allege that Defendant's subsequent inactions related to the security freezes caused Plaintiffs to suffer damages.  (*Id.* ¶ 233.)

  c.  In Count IV, Plaintiffs allege they relied on Defendant's promises "regarding the process for removing or lifting security freezes from their consumer reports," and suffered damages as a result of such reliance.  (*Id.* ¶¶ 237–40.)

19.    Because each of Plaintiffs' state law claims arise from the same nucleus of operative facts as Plaintiffs' federal claims, that is, Defendant's alleged failure to remove security freezes, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

20.    Accordingly, this case is removable under 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1367.

## IV.    THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a) AND THIS CASE IS THEREFORE REMOVABLE ON THAT BASIS AS WELL.

### A.    Complete Diversity Exists.

21.    In addition, or in the alternative, to this case being removable under 28 U.S.C. § 1331, removal is proper under 28 U.S.C. § 1332(a).

22.    This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), under which a District Court shall have original jurisdiction over a civil action when the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

23.    As set forth in the Complaint, each of the Plaintiffs are current New Jersey law enforcement officers, or a spouse of a current enforcement officer, who reside in New Jersey:

   a.    Plaintiff J.V. is described as a "resident of Union, New Jersey" who "serves as a Detective in Essex County." (Compl. ¶¶ 17–18.)

   b.    Plaintiff S.T. is described as a "resident[] of Dumont, New Jersey," who "serves as the Captain in a Police Department." (*Id.* ¶¶ 19–20.)

   c.    Plaintiff R.T. is described as the spouse of Plaintiff S.T. and as a "resident[] of Dumont, New Jersey." (*Id.* ¶¶ 19–20.)

   d.    Plaintiff D.M. is described as "a resident of Neshanic Station, New Jersey," who "serves as the Chief of Police with a Police Department." (*Id.* ¶¶ 21–22.)

e.  Plaintiff P.J. is described as "a resident of Flemington, New Jersey" who "serves as a Detective in Somerset County." (*Id.* ¶¶ 23–24.)

f.  Plaintiff G.P. is described as a "resident of Lacey Township, New Jersey" who "serves as a Detective in Monmouth County." (*Id.* ¶¶ 25–26.)

g.  Plaintiff C.N. is described as a "resident of Brick, New Jersey" who "serves as a law enforcement officer in Ocean County." (*Id.* ¶¶ 27–28.)

h.  Plaintiff J.O. is described as a "resident of Union, New Jersey" who "currently works" in Union County. (*Id.* ¶¶ 29–30.)

i.  Plaintiff M.S. is described as a "resident of Woodbridge Township, New Jersey" who "serves as a Sergeant in Bergen County." (*Id.* ¶¶ 31–32.)

24.    Under New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." N.J.S.A. 40A:14-122.8. Accordingly, each of the Plaintiffs is a citizen of New Jersey.

25.    "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). LNRS is incorporated in Georgia and has its principal place of business in Alpharetta, Georgia. *See Business Search: LexisNexis Risk Solutions Inc., Georgia Corporations Division*: Georgia Secretary of State, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=634220&businessTyp (last visited Dec. 3, 2025), attached hereto as **Exhibit B**. Thus, complete diversity exists in this case.

26.    The citizenship of the fictitious defendants, Richard Roes 1-10, pled as "fictitious names of unknown individuals" and ABC Companies 1-10, pled as "fictitious names of unknown

entities," is disregarded for purposes of the diversity analysis. (*See* Compl.) *See* 28 U.S.C. § 1441(b); *see also Mucci v. Decision One Mortg.*, No. 12-1840 (JLL), 2012 U.S. Dist. LEXIS 121997, *8–11 (D.N.J. Aug. 9, 2012).

**B.   <u>The Amount in Controversy Exceeds $75,000.</u>**

27.     "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. Kia Motors Am. Inc.*, 357 F.3d 392, 398 (3d. Cir. 2004). When "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 782 n.2 (3d Cir. 2020) (alteration in original) (quoting *Dart Cherokee*, 574 U.S. at 89).

28.     When a plaintiff does not include an exact dollar figure in the complaint, and defendant plausibly alleges the requisite amount in controversy, "'unless it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount,' the amount in controversy requirement would be satisfied." *Berndt v. Heyco Prods. Corp.*, No. 22-01300 (GC) (TJB), 2023 U.S. Dist. LEXIS 107840, at *13 (quoting *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)).

29.     In actions including multiple plaintiffs, only one plaintiff must satisfy the jurisdictional amount in controversy for the district court to exercise jurisdiction over the entire matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

30.     Here, Plaintiffs do not allege a specific dollar amount of damages in the Complaint, but they seek numerous forms of relief, including compensatory damages, consequential damages, restitution, return of unjust enrichment, statutory damages of $100 to $1,000 "per violation" of the FCRA, punitive damages, attorneys' fees, litigation costs, pre- and post-judgment interest, and

permanent injunctive relief.  Examples of compensatory damages alleged include financial harm resulting from being unable to purchase a vehicle and emotional distress, such as anxiety.  For purposes of this Notice of Removal, taking Plaintiffs' allegations as true and correct, the "possible" amount in controversy for each of the Plaintiffs easily exceeds $75,000.

31.    With respect to punitive damages, "[f]or purposes of calculating amount in controversy, claims for punitive damages may be aggregated with claims for compensatory damages unless they are 'patently frivolous and without foundation.'"  *Berndt*, 2023 U.S. Dist. LEXIS 107840, at *15 (quoting *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)).  Under New Jersey law, defendants can be liable for punitive damages in an amount up to "five times the liability of that defendant for compensatory damages or $350,000, whichever is greater."  N.J.S.A. 2A:15-5.14(b).  While Defendants reject any notion that punitive damages are appropriate here, by seeking punitive damages under New Jersey law, Plaintiffs have presumptively satisfied the amount in controversy for each individual plaintiff.

32.    The Complaint also seeks attorneys' fees.  (Compl. ¶¶ 202, 203, 205, 217, 218, 220.)  "[I]n calculating the amount in controversy, we must consider potential attorney's fees . . . [A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."  *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).  A typical rule of thumb in the Third Circuit in considering attorneys' fees to determine the amount in controversy is calculating thirty percent of the compensatory and/or punitive damages.  *See, e.g.*, *Ciccone v. Progressive Specialty Ins. Co.*, No. 3:20-CV-981, 2020 U.S. Dist. LEXIS 232855, at *12 (M.D. Pa. Dec. 11, 2020); *Rodriguez v. Burlington Cnty. Corrections Dep't*, No. 1:14-cv-04154, 2015 U.S. Dist. LEXIS 22456, at *5 (D.N.J. Feb. 25, 2015).  As outlined above, the Complaint plausibly alleges compensatory damages and punitive

-10-

damages that already far exceed the $75,000 threshold for each individual plaintiff. If those damages were increased by another 30 percent to account for attorneys' fees, there can be no doubt that the amount in controversy is satisfied.

33.    Finally, Plaintiffs seek broad injunctive relief tied to Defendant's ongoing compliance with New Jersey and federal laws. In the Third Circuit, the value of injunctive relief may be considered in determining the amount in controversy, and "is measured by the value of the interest sought to be protected by the equitable relief requested." *Hunter v. Greenwood Trust Co*., 856 F. Supp. 207, 219 (D.N.J. 1992); *see Byrd v. Corestates Bank, N.A.*, 39 F.3d 61, 65 (3d Cir. 1994). Here, the interest the Complaint allegedly seeks to protect is the ability to access and utilize one's consumer credit file. (*See* Compl. ¶¶ 1, 10–16 (alleging that Plaintiffs faced financial hardship, lost opportunities, and emotional distress based on their inability to access their credit).) While Defendants reject any allegation that they have engaged in conduct that has endangered this interest, Plaintiffs would surely contend that the value of this interest exceeds $75,000 for each Plaintiff.

34.    Because the parties are completely diverse and there is not a "legal certainty" that Plaintiffs could not recover in excess of $75,000, the requirements of diversity jurisdiction are satisfied.

## 28 U.S.C. § 1446 REQUIREMENTS

35.    **Removal is timely**. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or "other paper" from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). The Complaint was served on LNRS's registered agent on November 7, 2025. This Notice of Removal is thus timely filed.

36.    **Removal to proper court**.  This Court is part of the "district and division within which" this action was filed—Essex County, New Jersey.  28 U.S.C. § 1446(a).

37.    **Pleadings and process**.  Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendant in the State Court Action are attached to this Notice of Removal as **Exhibit A** (Complaint, Summons, Civil Case Information Statement, Amended Complaint, Letter from the Court, and Track Assignment Notice).  No proceedings have occurred in the State Court Action as of the date of this Notice of Removal.  Defendant has not filed a response to the Complaint.  Defendant hereby reserves all rights to assert any and all defenses to the Complaint.  Defendant further reserves the right to amend or supplement this Notice of Removal.

38.    **Notice to state court**.  A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, and is being served on counsel of record, consistent with 28 U.S.C. § 1446(a) and (d).

WHEREFORE, Defendants remove this action to this Court for further proceedings according to law.

Dated: December 8, 2025

By:    */s/ A. Matthew Boxer*
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Defendant LexisNexis Risk Solutions Inc.*

## <u>CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2</u>

Pursuant to D.N.J. Local Rule 11.2, it is hereby stated that a related case captioned *John Doe-1 v. LexisNexis Risk Solutions Inc.*, No. 24-4566, is also pending in the United States District Court for the District of New Jersey, before Judge Harvey Bartle, III.  Additionally, the matter in controversy between the parties was the subject of the state court action removed by this Notice: Case No. ESX-L-7269-25 in the Superior Court of New Jersey, Law Division, Essex County.

Dated: December 8, 2025

By: /s/ A. Matthew Boxer
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Defendant*
*LexisNexis Risk Solutions Inc.*