## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.V., S.T., R.T., D.M., P.J., G.P., C.N., J.O., and M.S.,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1- 10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No. 1:25-cv-18288-HB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by and through its undersigned counsel, by way of Answer to Plaintiffs' Amended Complaint (the "Complaint"), states as follows:

## <u>INTRODUCTION</u>

1.      No answer is necessary to the allegations in Paragraph 1 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 1.

2.      LNRS denies the allegations in Paragraph 2 of the Complaint.

3.      LNRS denies the allegations in Paragraph 3 of the Complaint.

4.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.     LNRS admits it provides consumer reporting services.  LNRS denies the remainder of the allegations in Paragraph 5.

6.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     No answer is necessary to the allegations in Paragraph 7 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS does not contest jurisdiction or venue in this court.

## FACTS COMMON TO ALL COUNTS

8.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.     No answer is necessary to the allegations in Paragraph 9 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS refers to the text of the statute for its complete and accurate content.

10.    LNRS denies the allegations in Paragraph 10 of the Complaint.

11.    LNRS denies the allegations in Paragraph 11 of the Complaint.

12.    LNRS admits it sent written correspondence to Plaintiffs.  LNRS denies the remainder of the allegations in Paragraph 12 characterizing the correspondence.

13.    LNRS denies the allegations in Paragraph 13 of the Complaint.

14.    LNRS denies the allegations in Paragraph 14 of the Complaint.

15.    LNRS denies the allegations in Paragraph 15 of the Complaint.

16.    LNRS denies the allegations in Paragraph 16 of the Complaint.

## THE PARTIES

**I.    Plaintiff, Officer J.V.**

17.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

**II.    Plaintiffs, Officer S.T. and R.T.**

19.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

**III.    Plaintiff, Officer D.M.**

21.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

**IV.    Plaintiff, Officer P.J.**

23.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

**V.    Plaintiff, Officer G.P.**

25.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

**VI.    Plaintiff, Officer C.N.**

27.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

**VII.    Plaintiff, Officer J.O.**

29.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

**VIII.    Plaintiff, Officer M.S.**

31.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

**IX.    Defendants, ROES, and ABC Companies**

33.    LNRS denies it is incorporated in New Jersey.  LNRS admits the remainder of the allegations in Paragraph 33.

34.    LNRS admits it is a corporation with its principal place of business at 1000 Alderman Drive, Alpharetta, Georgia, that LNRS provides consumer report services, and that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).  LNRS denies the remainder of the allegations in Paragraph 34 of the Complaint.

35.    LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and provides services in New Jersey as such.   LNRS denies the remainder of the allegations in Paragraph 35 of the Complaint.

36.    LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and

provides services in New Jersey as such. LNRS denies the remainder of the allegations in Paragraph 36 of the Complaint.

37.    LNRS refers to the text of the cited materials for their true and accurate contents. LNRS denies the allegations in Paragraph 37 of the Complaint to the extent they are inconsistent with these materials.

38.    LNRS denies it made "efforts to obscure the specific corporate actors involved in and jointly responsible for Defendants' unlawful actions." LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 38 of the Complaint.

39.    LNRS denies the allegations in Paragraph 39 of the Complaint.

## FACTS

**I.    Plaintiff, Officer J.V.**

40.    LNRS admits Plaintiff J.V. sent emails titled "Data Subject Request - Redaction/nondisclosure Request." LNRS refers to those documents for their complete and accurate contents. LNRS denies the remainder of the allegations in Paragraph 40 of the Complaint.

41.    LNRS denies the allegations in Paragraph 41 of the Complaint.

42.    LNRS denies the allegations in Paragraph 42 of the Complaint.

43.     LNRS admits that a response email was sent to Officer J.V., confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 43 of the Complaint.

44.     LNRS admits that it sent Officer J.V. a letter to his home address confirming that a security freeze had been placed on his file.  LNRS denies the remainder of the allegations in Paragraph 44 of the Complaint.

45.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47.     LNRS admits Officer J.V. called LNRS on December 21, 2024.  LNRS denies the remainder of the allegations in Paragraph 47 of the Complaint.

48.     LNRS denies the allegations in Paragraph 48 of the Complaint.

49.     LNRS denies the allegations in Paragraph 49 of the Complaint.

50.     LNRS denies the allegations in Paragraph 50 of the Complaint.

51.     LNRS admits Officer J.V. called LNRS on December 22, 2024.  LNRS denies the remainder of the allegations in Paragraph 51 of the Complaint.

52.     LNRS denies the allegations in Paragraph 52 of the Complaint.

53.     LNRS denies the allegations in Paragraph 53 of the Complaint.

54.     LNRS denies the allegations in Paragraph 54 of the Complaint.

55.    LNRS admits Officer J.V. called LNRS on December 23, 2024.  LNRS denies the remainder of the allegations in Paragraph 55 of the Complaint.

56.    LNRS admits Officer J.V. called LNRS on December 23, 2024.  LNRS denies the remainder of the allegations in Paragraph 56 of the Complaint.

57.    LNRS denies the allegations in Paragraph 57 of the Complaint.

58.    LNRS admits the security freeze placed on Plaintiff J.V.'s file was lifted.  LNRS denies the remainder of the allegations in Paragraph 58 of the Complaint.

59.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60.    LNRS denies the allegations in Paragraph 60 of the Complaint.

61.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

## II.    Plaintiff, Officer S.T. and R.T.

62.    LNRS admits Plaintiffs S.T. and R.T. sent emails titled "Data Subject Request - Redaction/nondisclosure Request."  LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 62 of the Complaint.

63.    LNRS denies the allegations in Paragraph 63 of the Complaint.

64.    LNRS denies the allegations in Paragraph 64 of the Complaint.

65.     LNRS admits that a response email was sent to Officer S.T. and R.T., confirming that their requests had been processed.  LNRS denies the remainder of the allegations in Paragraph 65 of the Complaint.

66.     LNRS admits that it sent Officer S.T. and R.T. a letter to their home address confirming that a security freeze had been placed.  LNRS denies the remainder of the allegations in Paragraph 66 of the Complaint.

67.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

71.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74.    LNRS admits R.T. called LNRS on April 7, 2025.  LNRS denies the remainder of the allegations in Paragraph 74 of the Complaint.

75.    LNRS denies the allegations in Paragraph 75 of the Complaint.

76.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.    LNRS admits Plaintiff S.T. called Defendants on April 12, 2025. LNRS denies the remainder of the allegations in Paragraph 78 of the Complaint.

79.    LNRS admits that Plaintiff S.T. called Defendants on April 14, 2025, and Defendants informed him that there was not a credit freeze on his file.

80.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.    LNRS admits it sent Officer S.T. and R.T. a letter confirming that a security freeze had been placed on S.T.'s file and provided a PIN that could be used to remove the security freeze.  LNRS denies the remainder of the allegations in Paragraph 81 of the Complaint.

82.    LNRS admits Plaintiff R.T. contacted Defendants on April 17, 2025, and that Defendants confirmed the security freeze placed on her file was removed. LNRS denies the remainder of the allegations in Paragraph 82 of the Complaint.

-10-

83.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

84.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

### III.    Plaintiff, Officer D.M.

85.    LNRS admits Plaintiff D.M. sent emails titled "Data Subject Request - Redaction/nondisclosure Request."  LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 85 of the Complaint.

86.    LNRS denies the allegations in Paragraph 86 of the Complaint.

87.    LNRS denies the allegations in Paragraph 87 of the Complaint.

88.    LNRS admits that a response email was sent to Officer D.M., confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 88.

89.    LNRS admits that it sent Officer D.M. a letter to his home address confirming that a security freeze had been placed on his file.  LNRS denies the remainder of the allegations in Paragraph 89 of the Complaint.

90.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint.

91.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint.

92.    LNRS denies the allegations in Paragraph 92 of the Complaint.

93.    LNRS denies the allegations in Paragraph 93 of the Complaint.

94.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint.

95.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint.

96.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint.

## IV.    Plaintiff, Officer P.J.

97.    LNRS admits Plaintiff P.J. sent emails titled "Data Subject Request - Redaction/nondisclosure Request."  LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 97 of the Complaint.

98.    LNRS denies the allegations in Paragraph 98 of the Complaint.

99.    LNRS denies the allegations in Paragraph 99 of the Complaint.

100.    LNRS admits that a response email was sent to Officer P.J., confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 100.

101.    LNRS admits that it sent Officer P.J. a letter to his home address confirming that a security freeze had been placed on his file.  LNRS denies the remainder of the allegations in Paragraph 101 of the Complaint.

102.    LNRS admits that Plaintiff P.J. called Defendants in July 2024 and that Defendants lifted the security freeze on Plaintiff P.J.'s credit file.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint regarding Plaintiff P.J.'s financing needs.  LNRS denies the remainder of the allegations in Paragraph 102 of the Complaint.

103.    LNRS admits that Plaintiff P.J. called Defendants in December 2024. LNRS denies the remainder of the allegations in Paragraph 103 of the Complaint.

104.    LNRS admits LNRS received documents regarding Officer P.J. through its web portal.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 104 of the Complaint.

105.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint.

106.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint.

107.    LNRS admits Plaintiff P.J. called Defendants on December 11, 2024. LNRS denies the remainder of the allegations in Paragraph 107 of the Complaint.

108.    LNRS denies the allegations in Paragraph 108 of the Complaint.

109.    LNRS denies the allegations in Paragraph 109 of the Complaint.

110.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint.

111.    LNRS denies the allegations in Paragraph 111 of the Complaint.

112.    LNRS admits that LNRS called Plaintiff P.J. on December 11, 2024, and that Plaintiff P.J.'s security freeze was lifted.  LNRS denies the remainder of allegations in Paragraph 112 of the Complaint.

113.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint.

114.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115.    LNRS admits that Plaintiff P.J. called LNRS on April 8, 2025.  LNRS denies the remainder of the allegations in Paragraph 115 of the Complaint.

116.    LNRS denies the allegations in Paragraph 116 of the Complaint.

117.    LNRS denies the allegations in Paragraph 117 of the Complaint.

118.    LNRS denies the allegations in Paragraph 118 of the Complaint.

119.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint.

**V.    Plaintiff, Officer G.P.**

120.   LNRS admits Plaintiff G.P. sent emails titled "Data Subject Request - Redaction/nondisclosure Request."   LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 120 of the Complaint.

121.   LNRS denies the allegations in Paragraph 121 of the Complaint.

122.   LNRS denies the allegations in Paragraph 122 of the Complaint.

123.   LNRS admits that a response email was sent to Officer G.P., confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 123 of the Complaint.

124.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint.

125.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint.

126.   LNRS admits Plaintiff called Defendants on December 30, 2024. LNRS denies the remainder of the allegations in Paragraph 126 of the Complaint.

127.   LNRS denies the allegations in Paragraph 127 of the Complaint.

128.   LNRS denies the allegations in Paragraph 128 of the Complaint.

129.   LNRS admits Officer G.P. sent emails on December 31, 2024.  LNRS refers to those emails for their complete and accurate content. LNRS denies the

allegations in Paragraph 129 of the Complaint to the extent they are inconsistent with those emails.

130.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint.

131.    LNRS denies the allegations in Paragraph 131 of the Complaint.

132.    LNRS admits Officer G.P. called LNRS on January 2, 2025.  LNRS denies the remainder of the allegations in Paragraph 132 of the Complaint.

133.    LNRS denies the allegations in Paragraph 133 of the Complaint.

134.    LNRS denies the allegations in Paragraph 134 of the Complaint.

135.    LNRS denies the allegations in Paragraph 135 of the Complaint.

136.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint.

**VI.    Plaintiff, Officer C.N.**

137.    LNRS admits Plaintiff C.N. sent emails titled "Data Subject Request - Redaction/nondisclosure Request."  LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 137 of the Complaint.

138.    LNRS denies the allegations in Paragraph 138 of the Complaint.

139.    LNRS denies the allegations in Paragraph 139 of the Complaint.

140.  LNRS admits that a response email was sent to Officer C.N., confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 140 of the Complaint.

141.  LNRS admits that it sent Officer C.N. a letter to his home address confirming that a security freeze had been placed on his file.  LNRS denies the remainder of the allegations in Paragraph 141 of the Complaint.

142.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint.

143.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint.

144.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint.

145.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint.

146.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint.

147.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint.

148.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint.

149.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint.

150.   LNRS denies the allegations Paragraph 150 of the Complaint.

151.   LNRS denies the allegations in Paragraph 151 of the Complaint.

152.   LNRS admits it sent Plaintiff C.N. a letter.  LNRS denies the remainder of the allegations in Paragraph 152 of the Complaint.

153.   LNRS denies the allegations regarding its actions in Paragraph 153 of the Complaint.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 153 of the Complaint.

## VII.   Plaintiff, Officer J.O.

154.   LNRS admits Plaintiff J.O. sent emails titled "Data Subject Request - Redaction/nondisclosure Request."   LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 154 of the Complaint.

155.   LNRS denies the allegations in Paragraph 155 of the Complaint.

156.   LNRS denies the allegations in Paragraph 156 of the Complaint.

157.   LNRS admits that a response email was sent to Officer J.O., confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 157 of the Complaint.

158.   LNRS admits that it sent Officer J.O. a letter to his home address confirming that a security freeze had been placed on his file.  LNRS denies the remainder of the allegations in Paragraph 158 of the Complaint.

159.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint of the Complaint.

160.   LNRS admits Plaintiff J.O. called Defendants on January 13, 2025. LNRS denies the remainder of the allegations in Paragraph 160 of the Complaint.

161.   LNRS denies the allegations in Paragraph 161 of the Complaint.

162.   LNRS denies the allegations in Paragraph 162 of the Complaint.

163.   LNRS admits Plaintiff J.O. called Defendants on January 13, 2025. LNRS denies the remainder of the allegations in Paragraph 163 of the Complaint.

164.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint.

165.   LNRS admits Plaintiff J.O. called Defendants on January 16, 2025. LNRS denies the remainder of the allegations in Paragraph 165 of the Complaint.

166.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint.

167.   LNRS denies that it refused to remove a security freeze.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 of the Complaint.

168.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Complaint.

**VIII.    Plaintiff, Officer M.S.**

169.    LNRS admits Plaintiff M.S. sent emails titled "Data Subject Request - Redaction/nondisclosure Request."    LNRS refers to those documents for their complete and accurate contents.    LNRS denies the remainder of the allegations in Paragraph 169 of the Complaint.

170.    LNRS denies the allegations in Paragraph 170 of the Complaint.

171.    LNRS denies the allegations in Paragraph 171 of the Complaint.

172.    LNRS admits that a response email was sent to Officer M.S., confirming that his request had been processed.    LNRS denies the remainder of the allegations in Paragraph 172 of the Complaint.

173.    LNRS admits that it sent Officer M.S. a letter to his home address confirming that a security freeze had been placed on his file.    LNRS denies the remainder of the allegations in Paragraph 173 of the Complaint.

174.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint.

175.    LNRS admits Officer M.S. called LNRS on April 6, 2024, and that the security freeze on Plaintiff M.S.'s credit file was lifted.    LNRS lacks knowledge or information sufficient to form a belief as to the allegation that "Officer M.S. was

able to procure the insurance before the freeze was reinstated." LNRS denies the remainder of the allegations in Paragraph 175 of the Complaint.

176. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint.

177. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint.

178. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint.

179. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint.

180. LNRS admits Plaintiff M.S. called LNRS on December 31, 2024. LNRS denies the remainder of the allegations in Paragraph 180 of the Complaint.

181. LNRS denies the allegations in Paragraph 181 of the Complaint.

182. LNRS denies the allegations in Paragraph 182 of the Complaint.

183. LNRS denies the allegations in Paragraph 183 of the Complaint.

184. LNRS denies the allegations in Paragraph 184 of the Complaint.

185. LNRS denies the allegations in Paragraph 185 of the Complaint.

186. LNRS denies the allegations in Paragraph 186 of the Complaint.

187.   LNRS denies the allegations of conduct on its part in the first sentence of paragraph 187.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Complaint.

188.   LNRS denies the allegations in Paragraph 188 of the Complaint.

189.   LNRS denies the allegations in Paragraph 189 of the Complaint.

190.   LNRS denies the allegations in Paragraph 190 of the Complaint.

191.   LNRS denies the allegations in Paragraph 191 of the Complaint.

192.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint.

193.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 193.

## CLAIMS AGAINST DEFENDANTS

### COUNT ONE

## VIOLATION OF 15 U.S.C. § 1681c-1 OF THE FAIR CREDIT REPORTING ACT

194.   LNRS incorporates its responses in Paragraphs 1 through 193 as if fully restated herein.

195.   No answer is necessary to the allegations in Paragraph 195 because they contain only conclusions of law.  To the extent the allegations set forth in Paragraph

195 of the Complaint refer to public documents, the contents of those documents speak for themselves.

196. LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f). No answer is necessary to the remainder of allegations in Paragraph 196 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 196 of the Complaint.

197. The allegations in Paragraph 197 of the Complaint refer to written policies and letters, the contents of which speak for themselves. LNRS denies the allegations in Paragraph 197 to the extent they are inconsistent with those documents.

198. LNRS admits it placed security freezes on Plaintiffs' reports in response to Plaintiffs' requests, and notified Plaintiffs of same. LNRS denies the remainder of the allegations in Paragraph 198 of the Complaint.

199. LNRS denies the allegations in Paragraph 199 of the Complaint.

200. LNRS denies the allegations in Paragraph 200 of the Complaint.

201. LNRS denies the allegations in Paragraph 201 of the Complaint.

Willful Violations

202.   No answer is necessary to the allegations in Paragraph 202 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 202 of the Complaint.

Negligent Violations

203.   LNRS denies the allegations in Paragraph 203 of the Complaint.

204.   LNRS denies the allegations in Paragraph 204 of the Complaint.

205.   No answer is necessary to the allegations in Paragraph 205 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 205 of the Complaint.

206.   LNRS denies the allegations in Paragraph 206 of the Complaint.

207.   LNRS denies the allegations in Paragraph 207 of the Complaint.

## COUNT TWO

## VIOLATION OF N.J.S.A. 56:11-46 OF THE NEW JERSEY IDENTITY THEFT PREVENTION ACT

208.   LNRS incorporates its responses in Paragraphs 1 through 207 as if fully restated herein.

209.   LNRS admits it placed security freezes on Plaintiffs' reports in response to Plaintiffs' requests, and notified Plaintiffs of same.  LNRS denies the remainder of the allegations in Paragraph 209 of the Complaint.

210.   LNRS denies the allegations in Paragraph 210 of the Complaint.

211.    LNRS denies the allegations in Paragraph 211 of the Complaint.

212.    LNRS denies the allegations in Paragraph 212 of the Complaint.

213.    LNRS denies the allegations in Paragraph 213 of the Complaint.

214.    LNRS denies the allegations in Paragraph 214 of the Complaint.

215.    LNRS denies the allegations in Paragraph 215 of the Complaint.

216.    LNRS denies the allegations in Paragraph 216 of the Complaint.

217.    No answer is necessary to the allegations in Paragraph 217 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 217 of the Complaint.

218.    LNRS denies the allegations in Paragraph 218 of the Complaint.

219.    LNRS denies the allegations in Paragraph 219 of the Complaint.

220.    No answer is necessary to the allegations in Paragraph 220 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 220 of the Complaint.

221.    LNRS denies the allegations in Paragraph 221 of the Complaint.

222.    LNRS denies the allegations in Paragraph 222 of the Complaint.

## COUNT THREE

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

223.    LNRS incorporates its responses in Paragraphs 1 through 222 as if fully restated herein.

224.    LNRS admits it placed security freezes on Plaintiffs' reports in response to Plaintiffs' requests.  LNRS denies the remainder of the allegations in Paragraph 224 of the Complaint.

225.    The allegations in Paragraph 225 refer to correspondence, the contents of which speak for itself. LNRS denies the allegations in Paragraph 225 of the Complaint to the extent they are inconsistent with that correspondence.

226.    LNRS denies the allegations in Paragraph 226 of the Complaint.

227.    LNRS denies the allegations in Paragraph 227 of the Complaint.

228.    LNRS denies the allegations in Paragraph 228 of the Complaint.

229.    LNRS denies the allegations in Paragraph 229 of the Complaint.

230.    LNRS denies the allegations in Paragraph 230 of the Complaint.

231.    LNRS denies the allegations in Paragraph 231 of the Complaint.

232.    LNRS denies the allegations in Paragraph 232 of the Complaint.

233.    LNRS denies the allegations in Paragraph 233 of the Complaint.

234.    LNRS denies the allegations in Paragraph 234 of the Complaint.

235.    No answer is necessary to the allegations in Paragraph 235 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 235 of the Complaint.

## <u>COUNT FOUR</u>

### PROMISSORY ESTOPPEL/QUASI-CONTRACT (NEW JERSEY)

236.   LNRS incorporates its responses in Paragraphs 1 through 235 as if fully restated herein

237.   LNRS denies the allegations in paragraph 237 of the Complaint.

238.   LNRS denies the allegations in Paragraph 238 of the Complaint.

239.   LNRS denies the allegations in Paragraph 239 of the Complaint.

240.   LNRS denies the allegations in Paragraph 240 of the Complaint.

241.   No answer is necessary to the allegations in Paragraph 241 because they contain only conclusions of law.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 241 of the Complaint.

## LNRS'S AFFIRMATIVE DEFENSES

Without admitting to any of the allegations in the Complaint and without admitting or acknowledging that LNRS bears any burden of proof as to of them, LNRS: (a) asserts the following affirmative defenses, pled in the alternative to the extent they may be found to be inconsistent; and (b) reserves the right to amend this Answer to assert other defenses when and if they become appropriate in this Action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted against LNRS.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to take reasonable steps to protect themselves from the damage, if any, alleged in the Complaint and failed to mitigate any such alleged damage.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are speculative or uncertain and therefore not compensable.

## FOURTH AFFIRMATIVE DEFENSE

Damages sustained by Plaintiffs were, in whole or in part, caused by the actions of Plaintiffs themselves and resulted from Plaintiffs' own negligence and misconduct, which equaled or exceeded any alleged negligence or wrongdoing by LNRS.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting any claim for damages against LNRS and are otherwise barred by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking relief by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are the result of acts, errors, and omissions of third parties not controlled by LNRS, or are the result of Plaintiffs' own acts, errors, and omissions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they lack injury or damages, whether actual, presumed, or otherwise.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to the extent it does not allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to the extent that Plaintiffs lack standing or have not taken necessary action to recover under the Fair Credit Reporting Act or the other laws they have invoked.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they fall outside the applicable statute of limitations or similar equitable doctrines, including but not limited to, laches.

## **TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are the subject of another pending action and should be adjudicated in that action.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the Entire Controversy Doctrine.

## **PRAYER FOR RELIEF**

**WHEREFORE**, LexisNexis demands the entry of judgment in its favor, dismissing the Complaint with prejudice, and awarding it costs, attorneys' fees, and such other relief as the Court may deem to be just and proper.


Dated: December 29, 2025          */s/ A. Matthew Boxer*
                                   A. Matthew Boxer
                                   Gavin J. Rooney
                                   Rasmeet K. Chahil
                                   **LOWENSTEIN SANDLER LLP**
                                   One Lowenstein Drive
                                   Roseland, New Jersey 07068
                                   973.597.2500

                                   *Attorneys for Defendant*
                                   *LexisNexis Risk Solutions Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, A. Matthew Boxer, of full age, do hereby certify that on December 28, 2025,

I caused a true and correct copy of LNRS's Answer to the Amended Complaint,

along with this Certificate of Service, to be filed electronically with the Clerk of the

Court using the CM/ECF system, which will send a notification of such filing to all

counsel of record.

Dated: December 29, 2025          */s/ A. Matthew Boxer*
                                               A. Matthew Boxer