IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN DOE-1, et al.               :          CIVIL ACTION
                                 :
          v.                     :
                                 :
LEXISNEXIS RISK SOLUTIONS,        :           NO. 24-4566
INC., et al.                     :

_____

J.V., et al.                     :          CIVIL ACTION
                                 :
          v.                     :
                                 :
LEXISNEXIS RISK SOLUTIONS         :           NO. 25-18288
INC., et al.                     :


MEMORANDUM

Bartle, J.                                      March 25, 2026

        Before the court are motions of plaintiffs to revoke

the Clerk of Court's designation and assignment of these two

actions to the undersigned.  Plaintiffs seek to have the actions

randomly reassigned to a judge in the District of New Jersey

pursuant to the regular assignment procedures in that court.

They contend that the actions do not come within the ambit of

the April 2, 2024 Order of Chief Judge Michael A. Chagares of

the United States Court of Appeals for the Third Circuit

assigning the undersigned from the Eastern District of

Pennsylvania to preside over certain actions in the District of

New Jersey.

In Civil Action No. 25-4566, the plaintiffs filed a putative class action against Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") and unnamed individuals and companies.  Their second amended complaint contains one claim that LexisNexis and its affiliates violated the Fair Credit Reporting Act (15 U.S.C. § 1681(c)-1(i)(2)(A)) by placing security freezes on plaintiffs' accounts instead of adhering to their requests to remove and not disclose their home addresses and unpublished telephone numbers from LexisNexis's websites and communications.

In Civil Action 25-18288, which was filed approximately a year and a half after Civil Action 24-4566, nine individual plaintiffs brought suit against LexisNexis and unnamed individuals and companies in which they allege LexisNexis and its affiliates violated the Fair Credit Reporting Act (15 U.S.C. § 1681c-1) and the New Jersey Identity Theft Prevention Act (N.J.S.A. 56:11-46) in failing to remove security freezes on credit inquiries.  They also allege related claims of tortious interference with prospective economic relations and promissory estoppel.

Plaintiffs in both actions are represented by the same counsel.  Both actions were originally filed in the Superior Court of New Jersey and then removed to this court on April 14, 2024 and December 2, 2025 respectively.  Upon removal, the Clerk

-2-

of Court assigned them to the undersigned pursuant to the April 2, 2024 Order of Chief Judge Chagares.

                                    I

          Pursuant to 28 U.S.C. § 292(b), Chief Judge Chagares assigned to the undersigned on April 2, 2024 the case of Atlas Data Privacy Corporation, et al. v. Blackbaud, Inc., et al., Civ. A. No. 24-3993.  His Order, which is central to the pending motions, provides:

> Pursuant to 28 U.S.C. § 292(b), and finding that it is in the public interest to do so, [Chief Judge Chagares] hereby designate[s] and assign[s] the Honorable Harvey Bartle, III of the United States District Court for the Eastern District of Pennsylvania for such a period as is necessary for the disposition of the above-entitled matter and all related cases.[1]

E.g., Atlas Data Privacy Corporation, et al. v. Blackbaud, Inc., et al., Civ. A. No. 24-3993 (D.N.J. April 2, 2024) (Doc. # 13) (emphasis added).

          Blackbaud was a suit alleging violations of a New Jersey statute known as Daniel's Law.  2021 N.J. Laws 371 (West); 2020 N.J. Laws 125 (West).[2]  Daniel's Law provides that

---

1.   28 U.S.C. § 292(b) provides: "The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."  28 U.S.C. § 292(b).

2.   Daniel's Law is codified as amended as follows: N.J. Stat. Ann. §§ 2C:20-31.1, 17:46B-1.1, 19:31-18:1, 46:26A-12, 47:1-17,

                                  -3-

judges, prosecutors and other law enforcement officers as well as their immediate family members ("covered persons") may request in writing that any person, business, or association not disclose or make available their home addresses and unpublished telephone numbers.  Those persons, businesses or associations then have ten business days to comply.  The suit alleged that LexisNexis did not comply with Daniel's Law after plaintiffs as the covered persons requested it in writing to cease disclosure of their home addresses and/or unpublished home telephone numbers.

Daniel's Law was enacted by the New Jersey Legislature as a result of the attempted assassination of Judge Esther Salas of the United States District Court of the District of New Jersey, the killing of her son Daniel Anderl, and wounding of her husband at their home by a disgruntled lawyer.  He had obtained their home address on the internet.  The goal of the Legislature under Daniel's Law is to protect the safety and security of covered persons and to foster their ability to carry out their duties without fear of personal reprisal.  N.J.S.A. 56:8-166.3.

Dozens of cases alleging violations of Daniel's Law have been filed following <u>Blackbaud</u>.  All judges in the District

---

47:1A-1.1, 47:1A-5, 47:1B-1, 47:1B-2, 47:1B-3, 47:1B-4, 56:8-166.1, 56:8-166.3.

of New Jersey have recused themselves from hearing these cases. As a result, Chief Judge Chagares, in the public interest, has designated the undersigned from the Eastern District of Pennsylvania to preside over the Blackbaud and those cases related to it.  The undersigned has been doing so for almost two years.

II

The question presented, as noted, is whether the two pending cases against Lexis/Nexis are within the confines of Chief Judge Chagares' April 2, 2024 Order.  This court must determine whether these cases are related to Blackbaud.  To make the determination the court must focus on the allegations in the pleadings of these two actions.

Neither action pleads a claim under Daniel's Law. Nonetheless, the complaints are replete with references to it. LexisNexis is a commercial data broker and provides credit reporting services nationwide.  According to the plaintiffs in both actions, they are covered persons under Daniel's Law.  As covered persons, they have the right to have certain information remain undisclosed and not made available.  LexisNexis possesses this information which it makes available on the Internet. Plaintiffs, as consumers, made written requests to LexisNexis, pursuant to Daniel's Law to have their home addresses and unpublished home telephone numbers be taken down by LexisNexis.

-5-

Instead, LexisNexis in both actions employed security freezes, instead of implementing the take-down requests.  The plaintiffs submit that their frozen credit files have adversely affected other ability to obtain credit while their information protected under Daniel's Law remained publicly accessible.

Any judge assigned to either case will surely have to focus on Daniel's Law and its relationship with the Fair Credit Reporting Act, the New Jersey Identity Theft Prevention Act, and other state law.  If the cases were assigned in the normal course before a District of New Jersey Judge, that judge would likely recuse himself or herself just as has occurred in the numerous Daniel's Law cases.

The court also notes that Civil Action 24-4566 was removed to this court on April 4, 2024.  The pending motion was not filed until January 22, 2026.  In the meantime, the court had numerous interactions with counsel.  It has entered a scheduling order and discovery is ongoing.  A motion for class certification is due on June 5, 2026.  It is puzzling that plaintiffs' counsel waited so long to seek a new judge, a move which, if successful, could only impede the orderly progress of this action.

The court finds that both actions are "related cases" that are covered by Chief Judge Chagares's April 2, 2024 Order.

-6-

-7-

Accordingly, the motions of plaintiffs to transfer and revoke designation and assignment to the undersigned will be denied.

BY THE COURT:


/s/   Harvey Bartle III
                                    J.