PEM LAW LLP

**Jessica A. Merejo, Esq.**
**Counsel**
jmerejo@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.567.7832

August 24, 2026

**<u>VIA CM/ECF</u>**
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for
the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re: <u>J.V., et al., v. LexisNexis Risk Solutions Inc., et al.</u>**
**Civil Action No.: 25-18288 (HB)**

Dear Judge Bartle:

Plaintiffs and Defendant LexisNexis Risk Solutions Inc. ("LNRS") submit this Joint Letter to the Court regarding the parties' Proposed ESI Protocol. Attached as Exhibit 1 is the draft Proposed ESI Protocol. The parties have reached agreement on all terms except for a single provision, which is highlighted on page 4 (the "Disputed Provision"). The Disputed Provision reads, "In accordance with the parties' signed confidentiality order, a party shall not withhold or redact documents on the basis of being confidential, proprietary or irrelevant information." The parties have met and conferred about this issue and are unable to reach a resolution.

The parties request that the Court resolve the dispute regarding the Disputed Provision and enter the Proposed ESI Protocol consistent with that determination.

**<u>Plaintiffs' Position</u>**

"[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege." *Mayer v. ADCS Clinics, LLC*, No. 21-CV-5303, 2025 WL 2413893, at *4 (E.D. Pa. Aug. 20, 2025) (citation omitted). In the related *Doe-3 v. LexisNexis Risk Solutions Inc.* matter, Defendant redacted significant portions of dozens of documents as "Unrelated Confidential Business Information" or a similar designation. No. 1:24-cv-04566 (*E.g.*, ECF No. 140, Plf.'s Mot. To Compel, Ex. I; ECF No. 137, Plf.'s Class Certification Mot., Ex. 14). But such redactions are improper where a confidentiality order already protects such information. *See, e.g.*, *T.F.H. Publications, Inc. v. 3M Co.*, No. CV 11-3106, 2012 WL 12910272, at *2 (D.N.J. Apr. 23,

PEM LAW LLP

2012) (ordering Defendant to reproduce documents without redactions because "any 'sensitive business information' will be protected by the Discovery Confidentiality Order"); *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54–55 (S.D.N.Y. 2018) (finding "no reason to depart from the general rule that relevance redactions are improper. As noted in the case law cited above, such redactions breed suspicions and deprive the reader of context," and noting the Confidentiality Order "addresses any concerns that Defendants may have regarding the confidential or sensitive nature of the information.").

Here, the Confidentiality Order accounts for and will protect documents, information, or any other discovery that contain confidential or sensitive business or personal information by limiting disclosure thereof to the Court, the parties, their counsel, and related staff or vendors. ECF No. 37. Rather than unilaterally redacting or withholding information as irrelevant, confidential, or proprietary, the appropriate method to protect that information is to designate documents as either confidential or attorneys' eyes only under the Confidentiality Order. *Cf. Halgas v. Burlington Cnty.*, No. CV 23-2202, 2025 WL 2261245, at *8 (D.N.J. Aug. 7, 2025) ("While the Court acknowledges Defendants' legitimate privacy concerns, the discovery confidentiality order ('DCO') entered in this matter substantially mitigates these concerns by limiting disclosure to only the parties and their counsel. Courts in this District have similarly held that such confidentiality orders effectively reduce privacy concerns and weigh against the issuance of protective orders.") (citing *Castellani v. City of Atl. City*, 102 F. Supp. 3d 657, 668 (denying defendant's motion for a protective order because the privacy interests in the defendant's investigative process, witnesses, and complainants "can be addressed by way of a confidentiality order"); *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1214 (D.N.J. 1996) (ordering the production of internal affairs files in a § 1983 case subject to a limited protective order preventing disclosure of documents beyond "the plaintiffs, plaintiffs' counsel, and plaintiffs' experts or other agents," and permitting the files to "be used solely for the purposes of th[e] litigation")); *see also Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-00933, 2023 WL 5434760, at *6 (D. Conn. Aug. 22, 2023) (collecting cases that reject redactions based on a "party's unilateral determinations of relevancy"). As Plaintiffs are not competitors to LNRS, there is no potential harm that the Confidentiality Order does not account for. *See Gen. Motors LLC v. Ashton*, No. CV2012659RBKEAP, 2023 WL 1765711, at *5 (D.N.J. Feb. 3, 2023) (holding "permitting GM to unilaterally redact its document production for relevance is inappropriate in this case" where "GM's direct competitor is not a party to this litigation").

Plaintiffs requested that Defendant cease these improper redactions in the *Doe* case, and asked that it agree not to continue the practice in the instant matter, but Defendant refused. Plaintiffs therefore seek the Court's intervention now to prevent the continued use of these improper redactions, promote efficient discovery, and avoid future unnecessary motion practice.

**Defendant's Position**

Plaintiffs are asking LNRS and the Court to impose a blanket resolution on an issue that is context-dependent. Disputed redactions should be considered on a case-by-case basis.

Indeed, courts often allow parties to redact irrelevant information in an otherwise responsive document. *See, e.g., LKQ Corp. v. Kia Motors Am., Inc.,* Case No. 21 C3166, 2023 U.S. Dist. LEXIS 84551, *18 (N.D. Ill. May 15, 2023) ("[I]t is acceptable for a party to redact irrelevant information as long as it does not affect an understanding of the relevant information."); *Spano v. Boeing Co.*, No. 3:06-cv-00743-DRH-DGW, 2008 U.S. Dist. LEXIS 31306, *8 (S.D. Ill. April 16, 2008) ("Thus, the Court concludes that the redaction of information on plans other [than] the VIP plan was acceptable because that information is not relevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence."); *Schiller v. City of New York*, No. 04-cv-7922, 2006 U.S. Dist. LEXIS 88854, *20 (S.D.N.Y. Dec. 7, 2006) (sustaining redactions where "[t]he redacted information . . . is not relevant to any claim or defense in the litigation"). A document produced in discovery may contain information that necessitates protections beyond those contemplated in a confidentiality order. It is entirely reasonable to seek to protect sensitive, proprietary information that is unrelated to the issues at hand, and in a situation like this one where the same law firm already has filed three lawsuits against LNRS, an attorneys-eyes-only designation may not be adequate.

For these reasons, even the caselaw cited by Plaintiffs acknowledges that their approach to relevance redactions is a "general rule," not an absolute one. *E.g.*, *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54–55 (S.D.N.Y. 2018). Marketing reports, strategic planning documents, sales reports, and pricing information are all contexts in which courts have permitted relevance-related redactions. *See York Grp., Inc v. Pontone*, 2:10-cv-1078, 2011 U.S. Dist. LEXIS 160101, *13 (W.D. Pa. Dec. 15, 2011). As a result, the language sought by Plaintiffs ("In accordance with the parties' signed confidentiality order, a party shall not withhold or redact documents on the basis of being confidential, proprietary or irrelevant information") is too broad.

LNRS further submits that a protocol for production of electronically stored information is not a proper avenue to preemptively address discovery disputes that have yet to arise. The genesis of the ESI stipulation here, Local Civil Rule 26.1(d), addresses discovery of digital information and refers to the parties' obligation to meet and confer about "[p]reservation and production of digital information; procedures to deal with inadvertent production of privileged information; whether restoration of deleted digital information may be necessary; whether back up or historic legacy data is within the scope of discovery; and the media, format, and procedures for producing digital information." Redactions are not referenced.

The Disputed Provision thus presents an issue that is wholly separate from the proper scope of an ESI protocol. In introducing the Disputed Provision, moreover, Plaintiffs are attempting to obtain an advisory opinion on an unripe issue. There is no reason to upend standard practice by

including such an atypical provision in this basic stipulation, or to transform this stipulation into a matter for the Court. If the Court determines that this ESI protocol even requires speaking to this issue raised by Plaintiffs, LNRS respectfully submits that more appropriate language would simply be: "Any redactions by the parties shall comply with applicable law and court orders."

Respectfully Submitted,

By: *_/s/ A. Matthew Boxer_*
A. Matthew Boxer

LOWENSTEIN SANDLER LLP
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Email: mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Defendant LexisNexis Risk Solutions Inc.*

By: *_/s/ Jessica A. Merejo_*
Jessica A. Merejo

PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email: rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

BOIES SCHILLER FLEXNER LLP
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
Kate Kozain (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Email: mmao@bsfllp.com
jbront@bsfllp.com
kkozain@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, Florida 33131

PEM LAW LLP

Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

*Attorneys for Plaintiffs*

JAM/
Encl.
cc: All counsel of record (via ECF)