**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| P.J., G.P., and C.N., *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No. 1:25-cv-18288-HB<br><br>**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by and through its undersigned counsel, by way of Answer to Plaintiffs' Second Amended Complaint (the "Complaint"), states as follows:

## INTRODUCTION

1. No answer is necessary to the allegations in Paragraph 1 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 1 of the Complaint.

2. LNRS denies the allegations in Paragraph 2 of the Complaint.

3. LNRS denies the allegations in Paragraph 3 of the Complaint.

4. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f). LNRS denies the remainder of the allegations in Paragraph 5 of the Complaint.

6. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. LNRS denies the allegations in Paragraph 7 of the Complaint, except it admits that the New Jersey Legislature passed "Daniel's Law" as reflected at P.L. 2020, c. 125.

8. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. LNRS denies the allegations in Paragraph 9 of the Complaint.

10. LNRS admits it sent written correspondence to Plaintiffs. LNRS denies the remainder of the allegations in Paragraph 10 characterizing the correspondence.

11. LNRS denies the allegations in Paragraph 11 of the Complaint.

12. LNRS denies the allegations in Paragraph 12 of the Complaint.

13. LNRS denies the allegations in Paragraph 13 of the Complaint.

14. LNRS denies the allegations in Paragraph 14 of the Complaint.

## THE PARTIES

### I. Plaintiff, Officer P.J.

15. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. LNRS admits Plaintiff P.J. sent emails titled "Data Subject Request - Redaction/nondisclosure Request." LNRS refers to those documents for their complete and accurate contents. LNRS denies the remainder of the allegations in Paragraph 16 of the Complaint.

17. LNRS denies the allegations in Paragraph 17 of the Complaint.

18. LNRS denies the allegations in Paragraph 18 of the Complaint.

19. LNRS admits that a response email was sent to Plaintiff P.J., confirming that his request had been processed. LNRS denies the remainder of the allegations in Paragraph 19 of the Complaint.

20. LNRS admits that it sent Plaintiff P.J. a letter confirming that a security freeze had been placed on his file.

21. LNRS admits that it sent Plaintiff P.J. a letter confirming that a security freeze had been placed on his file. LNRS denies the remainder of the allegations in Paragraph 21 of the Complaint characterizing the correspondence.

22. LNRS admits that Plaintiff P.J. called Defendants in July 2024 and that Defendants lifted P.J.'s security freeze. LNRS lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint regarding Plaintiff P.J.'s financing needs. LNRS denies the remainder of the allegations in Paragraph 22 of the Complaint.

23. LNRS admits that Plaintiff P.J. called Defendants in December 2024. LNRS denies the remainder of the allegations in Paragraph 23 of the Complaint.

24. LNRS admits LNRS received documents regarding Plaintiff P.J. through its web portal. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 24 of the Complaint.

25. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. LNRS denies the allegations in Paragraph 26 of the Complaint.

27. LNRS admits Plaintiff P.J. called Defendants on December 11, 2024. LNRS denies the remainder of the allegations in Paragraph 27 of the Complaint.

28. LNRS denies the allegations in Paragraph 28 of the Complaint.

29. LNRS denies the allegations in Paragraph 29 of the Complaint.

30. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. LNRS denies the allegations in Paragraph 31 of the Complaint.

32. LNRS admits that LNRS called Plaintiff P.J. on December 11, 2024, and that Plaintiff P.J.'s security freeze was lifted. LNRS denies the remainder of the allegations in Paragraph 32 of the Complaint.

33. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35. LNRS admits that Plaintiff P.J. called LNRS on April 8, 2025. LNRS denies the remainder of the allegations in Paragraph 35 of the Complaint.

36. LNRS denies the allegations in Paragraph 36 of the Complaint.

37. LNRS denies the allegations in Paragraph 37 of the Complaint.

38. LNRS denies the allegations in Paragraph 38 of the Complaint.

39. LNRS denies the allegations in Paragraph 39 of the Complaint.

## II. Plaintiff, Officer G.P.

40. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. LNRS admits Plaintiff G.P. sent emails titled "Data Subject Request - Redaction/nondisclosure Request." LNRS refers to those documents for their complete and accurate contents. LNRS denies the remainder of the allegations in Paragraph 41 of the Complaint.

42. LNRS denies the allegations in Paragraph 42 of the Complaint.

43. LNRS denies the allegations in Paragraph 43 of the Complaint.

44. LNRS admits that a response email was sent to Plaintiff G.P., confirming that his request had been processed. LNRS denies the remainder of the allegations in Paragraph 44 of the Complaint.

45. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48. LNRS admits Plaintiff G.P. called Defendants on December 30, 2024. LNRS denies the remainder of the allegations in Paragraph 48 of the Complaint.

49. LNRS denies the allegations in Paragraph 49 of the Complaint.

50. LNRS admits Plaintiff G.P. sent emails on December 31, 2024. LNRS refers to those emails for their complete and accurate contents. LNRS denies the allegations in Paragraph 50 of the Complaint to the extent they are inconsistent with those emails.

51. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52. LNRS admits that it sent Plaintiff G.P. a letter to his home address confirming that a security freeze had been placed on his file. LNRS denies the remainder of the allegations in Paragraph 52 of the Complaint.

53. LNRS admits Plaintiff G.P. called LNRS on January 2, 2025. LNRS denies the remainder of the allegations in Paragraph 53 of the Complaint.

54. LNRS denies the allegations in Paragraph 54 of the Complaint.

55. LNRS denies the allegations in Paragraph 55 of the Complaint.

56. LNRS denies the allegations in Paragraph 56 of the Complaint.

57. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

**III. Plaintiff, Officer C.N.**

58. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59. LNRS admits Plaintiff C.N. sent emails titled "Data Subject Request - Redaction/nondisclosure Request." LNRS refers to those documents for their complete and accurate contents. LNRS denies the remainder of the allegations in Paragraph 59 of the Complaint.

60. LNRS denies the allegations in Paragraph 60 of the Complaint.

61. LNRS denies the allegations in Paragraph 61 of the Complaint.

62. LNRS admits that a response email was sent to Plaintiff C.N., confirming that his request had been processed. LNRS denies the remainder of the allegations in Paragraph 62 of the Complaint.

63. LNRS admits that it sent Plaintiff C.N. a letter to his home address confirming that a security freeze had been placed on his file. LNRS denies the remainder of the allegations in Paragraph 63 of the Complaint.

64. LNRS denies the allegations in Paragraph 64 of the Complaint.

65. LNRS denies the allegations in Paragraph 65 of the Complaint.

66. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68. LNRS denies the allegations in Paragraph 68 of the Complaint.

69. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

71. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72. LNRS denies the allegations in Paragraph 72 of the Complaint.

73. LNRS denies the allegations in Paragraph 73 of the Complaint.

74. LNRS admits it sent Plaintiff C.N. a letter. LNRS denies the remainder of the allegations in Paragraph 74 of the Complaint.

75. LNRS denies the allegations regarding its actions in Paragraph 75 of the Complaint. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 81 of the Complaint.

**Defendants, ROES, and ABC Companies**

82. LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f). LNRS denies the remainder of the allegations in Paragraph 82 of the Complaint.

83. LNRS denies it is incorporated in New Jersey. LNRS admits the remainder of the allegations in Paragraph 83 of the Complaint.

84. LNRS admits it is a corporation with its principal place of business at 1000 Alderman Drive, Alpharetta, Georgia, that LNRS provides consumer reporting services, and that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f). LNRS denies the remainder of the allegations in Paragraph 84 of the Complaint.

85. LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and

provides consumer reporting services in New Jersey as such. LNRS denies the remainder of the allegations in Paragraph 85 of the Complaint.

86. LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and provides consumer reporting services in New Jersey as such. LNRS denies the remainder of the allegations in Paragraph 86 of the Complaint.

87. LNRS refers to the text of the cited materials for their true and accurate contents. LNRS denies the allegations in Paragraph 87 of the Complaint to the extent they are inconsistent with these materials.

88. LNRS denies it made "efforts to obscure the specific corporate actors involved in and jointly responsible for Defendants' unlawful actions." LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 88 of the Complaint.

89. LNRS denies the allegations in Paragraph 89 of the Complaint.

90. LNRS denies the allegations in Paragraph 90 of the Complaint.

91. LNRS denies the allegations in Paragraph 91 of the Complaint.

## JURISDICTION AND VENUE

92. No answer is necessary to the allegations in Paragraph 92 because they contain only conclusions of law. To the extent a response is deemed required, LNRS does not contest jurisdiction or venue in this court.

93. No answer is necessary to the allegations in Paragraph 93 because they contain only conclusions of law. To the extent a response is deemed required, LNRS does not contest jurisdiction or venue in this court.

94. No answer is necessary to the allegations in Paragraph 94 because they contain only conclusions of law. To the extent a response is deemed required, LNRS does not contest jurisdiction or venue in this court.

## CLAIMS AGAINST DEFENDANTS

## COUNT ONE

## VIOLATION OF 15 U.S.C. § 1681c-1 OF THE FAIR CREDIT REPORTING ACT

95. LNRS incorporates its responses in Paragraphs 1 through 94 as if fully restated herein.

96. No answer is necessary to the allegations in Paragraph 96 because they contain only conclusions of law. To the extent the allegations set forth in Paragraph 96 of the Complaint refer to public documents, the contents of those documents speak for themselves.

97. LNRS admits that under certain circumstances it operates as a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f). No answer is necessary to the remainder of allegations in Paragraph 97 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 97 of the Complaint.

98. The allegations in Paragraph 98 of the Complaint refer to written policies and letters, the contents of which speak for themselves. LNRS denies the allegations in Paragraph 98 to the extent they are inconsistent with those documents.

99. LNRS admits it placed security freezes on Plaintiffs' reports in response to Plaintiffs' requests and notified Plaintiffs of same. LNRS denies the remainder of the allegations in Paragraph 99 of the Complaint.

100. LNRS denies the allegations in Paragraph 100 of the Complaint.

101. LNRS denies the allegations in Paragraph 101 of the Complaint.

102. LNRS denies the allegations in Paragraph 102 of the Complaint.

Willful Violations

103. No answer is necessary to the allegations in Paragraph 103 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 103 of the Complaint.

Negligent Violations

104. LNRS denies the allegations in Paragraph 104 of the Complaint.

105. LNRS denies the allegations in Paragraph 105 of the Complaint.

106. No answer is necessary to the allegations in Paragraph 106 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 106 of the Complaint.

107. LNRS denies the allegations in Paragraph 107 of the Complaint.

108. LNRS denies the allegations in Paragraph 108 of the Complaint.

## COUNT TWO

## VIOLATION OF N.J.S.A. 56:11-46 OF THE NEW JERSEY IDENTITY THEFT PREVENTION ACT

109. LNRS incorporates its responses in Paragraphs 1 through 108 as if fully restated herein.

110. LNRS admits it placed security freezes on Plaintiffs' reports in response to Plaintiffs' requests and notified Plaintiffs of same. LNRS denies the remainder of the allegations in Paragraph 110 of the Complaint.

111. LNRS denies the allegations in Paragraph 111 of the Complaint.

112. LNRS denies the allegations in Paragraph 112 of the Complaint.

113. LNRS denies the allegations in Paragraph 113 of the Complaint.

114. LNRS denies the allegations in Paragraph 114 of the Complaint.

115. LNRS denies the allegations in Paragraph 115 of the Complaint.

116. LNRS denies the allegations in Paragraph 116 of the Complaint.

117. LNRS denies the allegations in Paragraph 117 of the Complaint.

### Willful Violations

118. No answer is necessary to the allegations in Paragraph 118 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 118 of the Complaint.

Negligent Violations

119. LNRS denies the allegations in Paragraph 119 of the Complaint.

120. LNRS denies the allegations in Paragraph 120 of the Complaint.

121. No answer is necessary to the allegations in Paragraph 121 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 121 of the Complaint.

122. LNRS denies the allegations in Paragraph 122 of the Complaint.

123. LNRS denies the allegations in Paragraph 123 of the Complaint.

## COUNT THREE

## PROMISSORY ESTOPPEL/QUASI-CONTRACT (NEW JERSEY)

124. LNRS incorporates its responses in Paragraphs 1 through 123 as if fully restated herein.

125. LNRS denies the allegations in Paragraph 125 of the Complaint.

126. LNRS denies the allegations in Paragraph 126 of the Complaint.

127. LNRS denies the allegations in Paragraph 127 of the Complaint.

128. LNRS denies the allegations in Paragraph 128 of the Complaint.

129. No answer is necessary to the allegations in Paragraph 129 because they contain only conclusions of law. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 129 of the Complaint.

## PRAYER

LNRS denies that Plaintiffs are entitled to any relief.

**LNRS'S AFFIRMATIVE DEFENSES**

Without admitting to any of the allegations in the Complaint and without admitting or acknowledging that LNRS bears any burden of proof as to any of them, LNRS: (a) asserts the following affirmative defenses, pled in the alternative to the extent they may be found to be inconsistent; and (b) reserves the right to amend this Answer to assert other defenses when and if they become appropriate in this Action.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state any claim upon which relief can be granted against LNRS.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs failed to take reasonable steps to protect themselves from the damage, if any, alleged in the Complaint and failed to mitigate any such alleged damage.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages, if any, are speculative or uncertain and therefore not compensable.

**FOURTH AFFIRMATIVE DEFENSE**

Damages sustained by Plaintiffs, if any, were, in whole or in part, caused by the actions of Plaintiffs themselves and resulted from Plaintiffs' own negligence and

misconduct, which equaled or exceeded any alleged negligence or wrongdoing by LNRS.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from asserting any claim for damages against LNRS and are otherwise barred by the doctrines of waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from seeking relief by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages, if any, are the result of acts, errors, and omissions of third parties not controlled by LNRS, or are the result of Plaintiffs' own acts, errors, and omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they lack injury or damages, whether actual, presumed, or otherwise.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to the extent it does not allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to the extent that Plaintiffs lack standing or have not taken necessary action to recover under the Fair Credit Reporting Act or the other laws they have invoked.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent they fall outside the applicable statute of limitations or similar equitable doctrines, including but not limited to, laches.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are the subject of another pending action and are barred by the entire controversy doctrine.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot satisfy the requirements for maintaining a class action pursuant to Federal Rule of Civil Procedure 23.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because performance in the manner described in the Complaint was impossible.

**FIFTEENTH AFFIRMATIVE DEFENSE**

LNRS reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery or at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, LNRS demands the entry of judgment in its favor, dismissing the Complaint with prejudice, and awarding it costs, attorneys' fees, and such other relief as the Court may deem to be just and proper.

Dated: October 6, 2026

*/s/ A. Matthew Boxer*

A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendant*
*LexisNexis Risk Solutions Inc.*

**CERTIFICATE OF SERVICE**

I, A. Matthew Boxer, of full age, do hereby certify that on October 6, 2026, I caused a true and correct copy of LNRS's Answer to the Second Amended Complaint, along with this Certificate of Service, to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Dated: October 6, 2026

*/s/ A. Matthew Boxer*
A. Matthew Boxer